# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ANTONIO LARICO FORBES,<br><br>　　　　　　　Defendant. | CASE NO. CR16-288 JCC<br><br>**ORDER DENYING MOTION TO REOPEN DETENTION DETERMINATION** |

Defendant moves to Reopen the Detention Hearing on the grounds that "his release would provide the most beneficial environment for the restorative justice place with Ms. West." Dkt. 25. However laudable the goals of restorative justice might be, the Court is required to abide by the Bail Reform Act and therefore **DENIES** the motion.

Defendant was arrested by federal authorities on October 19, 2016, Dkt. 7, and agreed that he be detained on October 24, 2016. Dkt. 9, 10. He subsequently pled guilty to Unlawful Possession of a Firearm, Dkt. 20-23, and is scheduled to be sentenced on June 6, 2017, by the Honorable John C. Coughenour. Because defendant has pled guilty, the Court under 18 U.S.C § 3143(a) must detain defendant unless it finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community.

Applying this standard, the Court concludes defendant shall remain in custody. The facts

of defendant's case indicate he poses a danger to the safety of others or the community. On February 5, 2015, defendant was convicted of attempted first degree robbery in King County Superior Court. This is a serious crime of violence. Although defendant served a prison sentence for this felony, and was on State Department of Corrections supervision, he was not deterred from continuing to commit crimes as he was arrested in this case just 10 months after his robbery conviction. Defendant committed the crime in this case, even though he was on state supervision, indicates he is a danger to the community. This conclusion is bolstered by the facts of this case; the case does not involve the mere possession of a firearm, but possessing the firearm while committing another felony—residential burglary.

Defendant's plea agreement also suggests that in the 10 month period between his robbery conviction and the crime here, defendant may have committed other felony crimes for which he was never apprehended; defendant admits in his plea agreement that the gun he possessed in this case, was stolen in a burglary that occurred in October 2015.

In view of these circumstances, the Court DENIES defendant's Motion to Reopen the Detention Hearing. Dkt. 25. Objections to this Order must be filed and served within 14 days, or they will be deemed waived. 28 U.S.C. § 636(1)(B).

DATED this 13th day of April, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION TO REOPEN
DETENTION DETERMINATION - 2